**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT BLUEFIELD**

**JASON B. TARTT, DONNIE HAIRSTON and VENTRISS HAIRSTON,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.: 1:22-cv-327**
**HONORABLE DAVID A. FABER**

**DALTON T. MARTIN, individually, and JORDAN A. HORN, individually, JAMES "BOOMER" MUNCY, individually, and MCDOWELL COUNTY COMMISSION, a West Virginia Political Subdivision**

**Defendants.**

**DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

**NOW COME** the Defendants, Dalton T. Martin, Jordan A. Horn, James "Boomer" Muncy, and McDowell County Commission, by counsel, Wendy E. Greve, Benjamin B. Vanston, and the law firm of Pullin, Fowler, Flanagan, Brown & Poe, PLLC, without waiving any defenses, and hereby answer Plaintiffs' *First Amended Complaint*.

**GENERAL RESPONSE AND PREAMBLE**

This responsive pleading has been prepared, served, and filed by counsel for Defendants under the Federal Rules of Civil Procedure. As permitted by Rule 8(e) (2), defenses to the claims made in the Complaint are being asserted alternatively and, in some cases, hypothetically. Defenses are being asserted regardless of apparent consistency and are based both on legal and equitable grounds.

As the facts of this civil action are fully developed through the discovery process, certain defenses may be abandoned, modified, or amended as permitted by and consistent

with the Federal Rules of Civil Procedure. No discovery has been conducted to date in the above-captioned civil action. In order to preserve important legal rights and protection, Defendants set forth below certain affirmative defenses which, based upon the information set forth in the Complaint, they believe do or may apply to some or all of the claims raised therein. Defendants reserve the right to withdraw, modify or amend some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

## INTRODUCTION

1. Defendants deny the statements and allegations contained in Paragraph 1 of Plaintiffs' First Amended Complaint.

2. Defendants deny the statements and allegations contained in Paragraph 2 of Plaintiffs' First Amended Complaint.

3. Defendants deny the statements and allegations contained in Paragraph 3 of Plaintiffs' First Amended Complaint.

## JURISDICTION

4. Paragraph 4 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required.

## PARTIES

5. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of Plaintiffs' First Amended Complaint.

6. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiffs' First Amended Complaint.

7. Answering Paragraph 7 of Plaintiffs' First Amended Complaint, Defendants

admit that at all relevant times Dalton T. Martin was employed and acting as a McDowell County Sheriff Deputy; however, Defendants deny the remainder of the allegations.

8. Answering Paragraph 8 of Plaintiffs' First Amended Complaint, Defendants admit that at all relevant times Jordan A. Horn was employed and acting as a McDowell County Sheriff Deputy; however, Defendants deny the remainder of the allegations.

9. Defendants deny the statements and allegations contained in Paragraph 9 of Plaintiffs' First Amended Complaint.

10. Defendants admit the statements and allegations contained in Paragraph 10 of Plaintiffs' First Amended Complaint.

**FACTS**

11. Answering Paragraph 11 of Plaintiffs' First Amended Complaint, Defendants admit that a report of marijuana being grown in proximity to the house Mr. Tartt identified as his was made and confirmed and that Mr. and Mrs. Hairston were in a house in proximity to the land where marijuana was grown; however, Defendants deny all allegations in Paragraph 11 of Plaintiffs' First Amended Complaint not specifically admitted herein.

12. Defendants admit the statements and allegations contained in Paragraph 12 of Plaintiffs' First Amended Complaint.

13. Defendants deny the statements and allegations contained in Paragraph 13 of Plaintiffs' First Amended Complaint.

14. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 14 of Plaintiffs' First Amended Complaint; however, to the extent that these allegations may be construed against Defendants, Defendants deny the same.

15. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 15 of Plaintiffs' First Amended Complaint; however, to the extent that these allegations may be construed against Defendants, Defendants deny the same.

16. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 16 of Plaintiffs' First Amended Complaint; however, to the extent that these allegations may be construed against Defendants, Defendants deny the same.

17. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 17 of Plaintiffs' First Amended Complaint; however, to the extent that these allegations may be construed against Defendants, Defendants deny the same.

18. Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 18 of Plaintiffs' First Amended Complaint; however, to the extent that these allegations may be construed against Defendants, Defendants deny the same.

19. Defendants deny the statements and allegations contained in Paragraph 19 of Plaintiffs' First Amended Complaint.

20. Defendants deny the statements and allegations contained in Paragraph 20 of Plaintiffs' First Amended Complaint.

21. Defendants deny the statements and allegations contained in Paragraph 21 of Plaintiffs' First Amended Complaint.

22. Defendants deny the statements and allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint.

23. Defendants deny the statements and allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24. Defendants deny the statements and allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

25. Defendants deny the statements and allegations contained in Paragraph 25 of Plaintiffs' First Amended Complaint.

26. Defendants deny the statements and allegations contained in Paragraph 26 of Plaintiffs' First Amended Complaint.

27. Defendants deny the statements and allegations contained in Paragraph 27 of Plaintiffs' First Amended Complaint.

28. Defendants deny the statements and allegations contained in Paragraph 28 of Plaintiffs' First Amended Complaint.

29. Defendants deny the statements and allegations contained in Paragraph 29 of Plaintiffs' First Amended Complaint.

30. Defendants deny the statements and allegations contained in Paragraph 30 of Plaintiffs' First Amended Complaint.

31. Defendants deny the statements and allegations contained in Paragraph 31 of Plaintiffs' First Amended Complaint.

32. Defendants deny the statements and allegations contained in Paragraph 32 of Plaintiffs' First Amended Complaint.

33. Defendants admit the statements and allegations contained in Paragraph 33

of Plaintiffs' First Amended Complaint.

34. Defendants admit the statements and allegations contained in Paragraph 34 of Plaintiffs' First Amended Complaint.

**COUNT ONE – UNREASONABLE SEIZURE UNDER 42 U.S.C. 1983**
**VIOLATION OF THE FOURTH AMENDMENT**
**(False Warrantless Arrest of Jason Tartt)**

35. In response to Paragraph 35 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 34 of Plaintiffs' First Amended Complaint, contained herein above.

36. Defendants deny the statements and allegations contained in Paragraph 36 of Plaintiffs' First Amended Complaint.

37. Defendants deny the statements and allegations contained in Paragraph 37 of Plaintiffs' First Amended Complaint.

38. Defendants deny the statements and allegations contained in Paragraph 38 of Plaintiffs' First Amended Complaint.

39. Paragraph 39 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 39 as containing allegations against Defendants, Defendants deny the same.

40. Paragraph 40 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 40 as containing allegations against Defendants, Defendants deny the same.

41. Paragraph 41 of Plaintiffs' First Amended Complaint contains a statement of

law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 41 as containing allegations against Defendants, Defendants deny the same.

42. Paragraph 42 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 42 as containing allegations against Defendants, Defendants deny the same.

43. Paragraph 43 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 43 as containing allegations against Defendants, Defendants deny the same.

44. Defendants deny the statements and allegations contained in Paragraph 44 of Plaintiffs' First Amended Complaint.

45. Defendants deny the statements and allegations contained in Paragraph 45 of Plaintiffs' First Amended Complaint.

46. Defendants deny the statements and allegations contained in Paragraph 46 of Plaintiffs' First Amended Complaint.

47. Defendants deny the statements and allegations contained in Paragraph 47 of Plaintiffs' First Amended Complaint.

48. Defendants deny the statements and allegations contained in Paragraph 48 of Plaintiffs' First Amended Complaint.

49. Defendants deny the statements and allegations contained in Paragraph 49 of Plaintiffs' First Amended Complaint.

**COUNT TWO – UNREASONABLE SEIZURE UNDER 42 U.S.C. 1983**
**VIOLATION OF THE FOURTH AMENDMENT**
**(Malicious Prosecution)**

50. In response to Paragraph 50 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 49 of Plaintiffs' First Amended Complaint, contained herein above.

51. Paragraph 51 of Plaintiffs' First Amended Complaint contains a statement of law or argument to which no admission or denial is required; however, if the Court were to construe Paragraph 51 as containing allegations against Defendants, Defendants deny the same.

52. Defendants deny the statements and allegations contained in Paragraph 52 of Plaintiffs' First Amended Complaint.

53. Defendants deny the statements and allegations contained in Paragraph 53 of Plaintiffs' First Amended Complaint.

54. Defendants deny the statements and allegations contained in Paragraph 54 of Plaintiffs' First Amended Complaint.

**COUNT THREE – UNREASONABLE SEIZURE UNDER 42 U.S.C. 1983**
**VIOLATION OF THE FOURTH AMENDMENT**
**(Unreasonable Search and Seizure of Hairstons)**

55. In response to Paragraph 55 of Plaintiffs' Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 54 of Plaintiffs' Complaint, contained herein above.

56. Defendants deny the statements and allegations contained in Paragraph 56 of Plaintiffs' First Amended Complaint.

57. Defendants deny the statements and allegations contained in Paragraph 57 of

Plaintiffs' First Amended Complaint.

58. Defendants deny the statements and allegations contained in Paragraph 58 of Plaintiffs' First Amended Complaint.

59. Defendants deny the statements and allegations contained in Paragraph 59 of Plaintiffs' First Amended Complaint.

60. Defendants deny the statements and allegations contained in Paragraph 60 of Plaintiffs' First Amended Complaint.

61. Defendants deny the statements and allegations contained in Paragraph 61 of Plaintiffs' First Amended Complaint.

62. Defendants deny the statements and allegations contained in Paragraph 62 of Plaintiffs' First Amended Complaint.

63. Defendants deny the statements and allegations contained in Paragraph 63 of Plaintiffs' First Amended Complaint.

64. Defendants deny the statements and allegations contained in Paragraph 64 of Plaintiffs' First Amended Complaint.

**COUNT FOUR – RETAILIATION UNDER 42 U.S.C. 1983**
**VIOLATION OF THE FIRST AND FOURTHTEENTH AMENDMENT**
**(Against all Defendants by all Plaintiffs)**

65. In response to Paragraph 65 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 64 of Plaintiffs' First Amended Complaint, contained herein above.

66. Defendants deny the statements and allegations contained in Paragraph 66 of Plaintiffs' First Amended Complaint.

67. Defendants deny the statements and allegations contained in Paragraph 67 of

Plaintiffs' First Amended Complaint.

68. Defendants deny the statements and allegations contained in Paragraph 68, and subparagraphs a through g, of Plaintiffs' First Amended Complaint.

69. Defendants deny the statements and allegations contained in Paragraph 69 of Plaintiffs' First Amended Complaint.

70. Defendants deny the statements and allegations contained in Paragraph 70 of Plaintiffs' First Amended Complaint.

71. Defendants deny the statements and allegations contained in Paragraph 71 of Plaintiffs' First Amended Complaint.

72. Defendants deny the statements and allegations contained in Paragraph 72 of Plaintiffs' First Amended Complaint.

73. Defendants deny the statements and allegations contained in Paragraph 73 of Plaintiffs' First Amended Complaint.

74. Defendants deny the statements and allegations contained in Paragraph 74 of Plaintiffs' First Amended Complaint.

75. Defendants deny the statements and allegations contained in Paragraph 75 of Plaintiffs' First Amended Complaint.

76. Defendants deny the statements and allegations contained in Paragraph 76 of Plaintiffs' First Amended Complaint.

77. Defendants deny the statements and allegations contained in Paragraph 77 of Plaintiffs' First Amended Complaint.

**COUNT FIVE – CONSPIRACY TO DEPRIVE CIVIL RIGHTS UNDER 42 U.S.C. 1985 (Individual Officers)**

78. In response to Paragraph 78 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 77 of Plaintiffs' First Amended Complaint, contained herein above.

79. Defendants deny the statements and allegations contained in Paragraph 79 of Plaintiffs' First Amended Complaint.

80. Defendants deny the statements and allegations contained in Paragraph 80 of Plaintiffs' First Amended Complaint.

81. Defendants deny the statements and allegations contained in Paragraph 81 of Plaintiffs' First Amended Complaint.

82. Defendants deny the statements and allegations contained in Paragraph 82 of Plaintiffs' First Amended Complaint.

83. Defendants deny the statements and allegations contained in Paragraph 83 of Plaintiffs' First Amended Complaint.

**COUNT SIX – MONELL CLAIM UNDER 42 U.S.C. 1983**

84. In response to Paragraph 84 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 83 of Plaintiffs' First Amended Complaint, contained herein above.

85. Defendants deny the statements and allegations contained in Paragraph 85 of Plaintiffs' First Amended Complaint.

86. Defendants deny the statements and allegations contained in Paragraph 86 of Plaintiffs' First Amended Complaint.

87. Defendants deny the statements and allegations contained in Paragraph 87 of Plaintiffs' First Amended Complaint.

88. Defendants deny the statements and allegations contained in Paragraph 88 of Plaintiffs' First Amended Complaint.

89. Defendants deny the statements and allegations contained in Paragraph 89 of Plaintiffs' First Amended Complaint.

90. Defendants deny the statements and allegations contained in Paragraph 90 of Plaintiffs' First Amended Complaint.

91. Defendants deny the statements and allegations contained in Paragraph 91 of Plaintiffs' First Amended Complaint.

92. Defendants deny the statements and allegations contained in Paragraph 92 of Plaintiffs' First Amended Complaint.

**COUNT SEVEN – SUPERVISORY LIABILITY UNDER 42 U.S.C. 1983**

93. In response to Paragraph 93 of Plaintiffs' First Amended Complaint, Defendants hereby incorporate by reference, as fully stated herein, their responses to Paragraphs 1 to 92 of Plaintiffs' First Amended Complaint, contained herein above.

94. Defendants deny the statements and allegations contained in Paragraph 94 of Plaintiffs' First Amended Complaint.

95. Defendants deny the statements and allegations contained in Paragraph 95 of Plaintiffs' First Amended Complaint.

96. Defendants deny the statements and allegations contained in Paragraph 96 of Plaintiffs' First Amended Complaint.

97. Defendants deny the statements and allegations contained in Paragraph 97 of Plaintiffs' First Amended Complaint.

98. Defendants deny the statements and allegations contained in Paragraph 98 of

Plaintiffs' First Amended Complaint.

99. Defendants deny the statements and allegations contained in Paragraph 99 of Plaintiffs' First Amended Complaint.

100. Defendants admit the statements and allegations contained in Paragraph 100 of Plaintiffs' First Amended Complaint.

101. Answering the WHEREFORE paragraph, and subparagraphs 1-3, of Plaintiffs' First Amended Complaint, Defendants state that the Plaintiffs are not factually, legally, or equitably entitled to the relief prayed for.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The First Amended Complaint fails to state a claim(s) or cause(s) of action against Defendants upon which relief may be granted and, therefore, said First Amended Complaint should be dismissed pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

Defendants assert the defenses of insufficiency of process and insufficiency of service of process.

### THIRD DEFENSE

To the extent any of the following affirmative defenses are applicable, based upon the evidence adduced in this matter, Defendants invoke the following defenses of contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, expiration of the statute of limitations, lack of personal jurisdiction, and any other matter constituting an avoidance or affirmative defense.

### FOURTH DEFENSE

Defendants assert and preserve those immunities and defenses contained in W. Va. Code § 29-12A-1, et seq.

**FIFTH DEFENSE**

Defendants raise and preserve the defenses of qualified immunity and any other immunity available to each defendant pursuant to the United States Constitution, the United States Code, the West Virginia State Constitution, and the West Virginia State Code.

**SIXTH DEFENSE**

Defendants assert and preserve the affirmative defenses of absolute and qualified immunity. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); Clark v. Dunn, 465 S.E.2d 374 (W.Va. 1995); and State v. Chase Securities, Inc., 424 S.E.2d 591, 595 (W. Va. 1992).

**SEVENTH DEFENSE**

Defendants are immune from liability because they acted at all times with probable cause and in the good faith performance of their official duties.

**EIGHTH DEFENSE**

Defendants deny that they acted in violation of the Plaintiffs' Constitutional rights and further deny that they acted willfully, intentionally, or in callous disregard for the Plaintiffs' Constitutional and statutory rights or that they in any way denied Plaintiffs due process of law.

**NINTH DEFENSE**

The alleged damages, of which the Plaintiffs complain, were caused by the misconduct of Plaintiffs or acts of others over which Defendants had no control.

**TENTH DEFENSE**

Defendants are immune from suit because their conduct was not in contravention of

any clearly established Constitutional right or privilege of the Plaintiffs.

**ELEVENTH DEFENSE**

No custom, usage, policy, practice, acts, or omissions of these Defendants caused a deprivation of Plaintiffs' rights, including any civil rights.

**TWELFTH DEFENSE**

Defendants hereby raise and preserve each and every defense set forth in Rules 8, 9 and 12 of the Federal Rules of Civil Procedure, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

**THIRTEENTH DEFENSE**

Plaintiffs may have failed to join a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and, therefore, Defendants reserve the right to file additional affirmative defenses, counterclaims, cross-claims, motions to dismiss and/or third-party claim if the sufficient or factual basis therefore is developed through ongoing investigation and discovery.

**FOURTEENTH DEFENSE**

Defendants raise and preserve the defenses of Self-Defense and Defense of Others.

**FIFTEENTH DEFENSE**

For a separate and distinct defense, Defendants state that the Plaintiffs, to the extent that they seek punitive damages, violate the Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of West Virginia, violate the Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article III, Section 5

of the Constitution of the State of West Virginia, and violate the Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of West Virginia, and therefore fails to sate a cause of action upon which punitive damages can be awarded.

## SIXTEENTH DEFENSE

For a separate and distinct defense, Defendants state that any award of punitive damages to the Plaintiffs in this case would violate the constitutional safeguards provided to the Defendants under the due process clause of the Fourteenth Amendment of the United States Constitution, in that punitive damages are vague and are not rationally related to legitimate government interests, and under the Sixth and Eighth Amendments of the United States Constitution, in that punitive damages are penal in nature, and consequently, the Defendants are entitled to the same safeguards accorded to criminal defendants, and punitive damages would violate the rights guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution because punitive damages, being penal in nature, would require a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## SEVENTEENTH DEFENSE

Defendants deny that Defendant __________ can be held liable for any acts or omissions of the other Defendants as alleged by the Plaintiffs in their First Amended Complaint.

## EIGHTEENTH DEFENSE

Defendants deny that they are liable to the Plaintiffs in any amount or that the Plaintiffs are otherwise entitled to recovery and/or the relief sought from Defendants in the Plaintiffs'

First Amended Complaint.

**NINETEENTH DEFENSE**

For a separate and distinct defense, Defendants state that they did not perform any wrongful acts or omissions as alleged by the Plaintiffs.

**JURY DEMAND**

Defendants respectfully demand a trial by jury on all issues so triable.

**PRAYER**

**WHEREFORE,** Defendants, Dalton T. Martin, Jordan A. Horn, James "Boomer" Muncy, and McDowell County Commission, having fully answered Plaintiffs' First Amended Complaint, pray that Plaintiffs' First Amended Complaint be dismissed and held for naught; that Plaintiffs recover nothing from Defendants; that Defendants recover their costs, expenses of suit, and a reasonable attorney's fee made necessary in defending this First Amended Complaint; and for such other and further relief, whether legal or equitable in character, as to which Defendants may be entitled.

**Dalton T. Martin, Jordan A. Horn, James "Boomer" Muncy, and McDowell County Commission,**
By Counsel,

*/s/Wendy E. Greve*

Wendy E. Greve, WV State Bar No. 6599
Benjamin B. Vanston, WV State Bar No. 14146

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT BLUEFIELD**

**JASON B. TARTT, DONNIE HAIRSTON and VENTRISS HAIRSTON,**

**Plaintiffs,**

**v.**

**CIVIL ACTION NO.: 1:22-cv-327**
**HONORABLE DAVID A. FABER**

**DALTON T. MARTIN, individually, and JORDAN A. HORN, individually, JAMES "BOOMER" MUNCY, individually, and MCDOWELL COUNTY COMMISSION, a West Virginia Political Subdivision**

**Defendants.**

**CERTIFICATE OF SERVICE**

The undersigned, counsel of record for Defendants, does hereby certify on this **11th** day of **October 2022**, that a true copy of the foregoing "***Defendants' Answer to Plaintiffs' First Amended Complaint***" was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing.

John H. Bryan, Esquire
Law Office of John H. Bryan
411 Main St.
P.O. Box 366
Union, WV 24983
*Counsel for Plaintiffs*

*/s/Wendy E. Greve*
Wendy E. Greve, WV State Bar No. 6599
Benjamin B. Vanston, WV State Bar No. 14146

***PULLIN, FOWLER, FLANAGAN, BROWN & POE, PLLC***
JamesMark Building
901 Quarrier Street
Charleston, WV 25301
Telephone: (304) 344-0100
Facsimile: (304) 342-1545